JOSIAH WRIGHT, Appellee,
*against*
DAVID, STEPHANUS, and JOSIAH PAGE,
Appellants.

Seisin of the land, or a mere naked claim to the crops standing and growing on the *terra in qua* the assault was committed cannot be given in evidence under the general issue in mitigation of damages in an action of assault and battery.

THE plaintiff declared in trespass for a violent assault and battery made upon him by the defendant in *Pownal*, on the 18th *July*, 1797, *ad damnum*, 3,000 dollars.

General issue pleaded and joined.

The defendant offered to show *seisin of the land, and property in the crops standing and growing thereon*, about which the dispute which caused the assault and battery arose *in mitigation of damages.*

Objected by the plaintiff.  This showing does not amount to *son assault demesne;* but if it did, it is matter of justification, which ought to have been pleaded in bar, and cannot be admitted under the general issue.

Defendant's counsel.  We do not contend that such showing can be admitted in justification under the general issue, but merely in mitigation of damages.  In the case of *Bingham* v. *Garnault*, sittings in *London*, 5th of *April*, 1788, *coram Buller*, Justice, minuted in *Buller's Nisi Prius*, an action was brought against a captain of a ship for assault and battery and false imprisonment, who pleaded not guilty.  " The defendant cross-examined the plaintiff's witnesses as to expressions used, by the which he would have *justified* the imprisonment, they tending to raise mutiny and disobedience."  The defendant should regularly have pleaded *son assault demesne*, and upon *de injuria propria* replied, and joinder, the evidence of the mutinous expressions would have been properly before the Court; but it seems he pleaded the general issue; and the objection was taken, that expressions tending to raise a mutiny and disobedience on board his ship would amount to a justification in the captain, and ought therefore to have been specially pleaded.  The Court nevertheless admitted what was said by the plaintiff at the time of the imprisonment, to be heard in mitigation of damages.

*Per Curiam.*  There are three modes of defence to the action of assault and battery.

Wright
v.
Page.

Found in *Riley's* edit. p. 17.

The first is by pleading the general issue, which denies the whole charges in the declaration.

The second admits the facts, but avoids the conclusion in the declaration, by alleging that they were done through inevitable accident. This ought regularly to be pleaded in bar, and so has been the practice in this Court; but it appears by the books, that such inevitable accident may be shown in evidence under the general issue.

The third is a justification of the alleged trespass, and must always be pleaded in bar.

The evidence offered by the defendant's counsel does not deny the allegations of the declaration, or excuse the facts of assaulting and beating the plaintiff. It does not even amount to a justification. Had it been pleaded in bar as such, the plea would have been clearly bad. The defendant offers to show seisin of the land in himself; but *possession only*, accompanied with such restricted acts as the law allows a man to do in defence of his possession, can amount to a justification.

It is no justification for an assault and battery, to plead that the assailant was defending his title. If a dispute of this nature exists, which cannot be settled by the parties, it is to be decided by Courts and Juries, and not by staves and blows, and breach of the public peace, and no evidence that the right or title to the land about which the dispute arose, and upon which the assault and battery ensued, can operate as any mitigation of damages.

Nor can a mere naked property in the crops standing and growing, without actual possession of the land, be pleaded in justification, or be given in mitigation of damages, under the general issue. The

crops attached to the freehold do not come within the principles by which personal property is held; but if they were considered as a chattel interest, it would be of dangerous consequence to society to suffer a party to justify or to even mitigate the damages in assault and battery, by showing that he claimed property in things in dispute, while in possession of another.

The law will not suffer a man to reclaim his own property, either real, *personal*, or mixed, by breach of the peace.

The case cited from *Buller's Nisi Prius* is not in point. The Court in that case admitted every thing that was *said at the time of the imprisonment* to be heard in mitigation of damages. In the present trial, every thing said at the time of the assault and battery, has been or will be received in evidence in mitigation of damages; " for every thing which passed at *that time* is part of the transaction on which the plaintiff's action is founded, and he cannot be surprised by such evidence." But he might be surprised by the admission of evidence of the defendant's seisin of the land, and property in the crops standing and growing thereon, about which the dispute arose, which, it is suggested, led to the assault and battery ; for it is not evidence of any thing which passed at the time of the trespass alleged.

If the defendants thought such evidence available in their defence, they should have spread it on the record in bar. The plaintiff would have then been apprized of such defence, and have prepared himself to traverse the seisin of the land, or property in the crops, or by demurrer have shown such evidence impertinent.

The evidence cannot therefore be admitted.

Verdict for plaintiff, 1,000 dollars.   Costs, 178 dollars.

*Fay*, for plaintiff.
*Darius Chipman*, for defendants.